IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JOHN KEITH CALVIN, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Case no. 22-CV-2544 |
| ) | |
| STATE OF KANSAS, DEPARTMENT OF ) | |
| CORRECTIONS, ) | |
| ) | |
| AND ) | |
| ) | |
| TOMMY WILLIAMS, WARDEN, ) | |
| EL DORADO CORRECTIONAL FACILTY ) | |
| ) | |
| Defendants. ) | |

**DECLARATION OF JOEL HRABE**

I, Joel Hrabe, pursuant to 28 U.S.C. § 1746, and based upon my personal knowledge and information made known to me from official records reasonably relied upon by me in the course of my employment, hereby make the following declaration relating to the above-entitled matter.

1. I am currently employed by the Kansas Department of Corrections ("KDOC") as the Deputy Secretary of Facility Management.

2. I am familiar with the procedures for managing and housing special needs residents, including residents sent outside the facility for medical care. These procedures are outlined, in relevant part, in IMPP 12-110A.

3. The security considerations for out of facility transports, to include medical appointments or hospitalizations, require the KDOC to conduct a security assessment reviewing information such as the resident's current crime of conviction and sentence, past criminal history

Exhibit D

to include previous escape(s), history of violence, history of disruption, and or history of influence causing violence or disruption, the high profile nature of the current offense, the residents institutional adjustment to include disciplinary reports, security threat group affiliation or any other specialized skills or issues associated with the resident. Other related factors may include the resident's behavioral health status, members of the public imposing influence to include threats or coercion on facility staff or medical personnel, and or anticipation of unauthorized visitors at the location of the resident.

4. Further, the warden may incorporate appropriate provisions when a resident is hospitalized and impose such security procedures as are determined to be appropriate based on the offender's individual circumstances. Such security procedures may include, restrictions on visitation or denial of visitation during the period of hospitalization, restrictions on telephone calls or denial of telephone calls during the period of hospitalization, restrictions on notifications to the offender's family regarding the location of the hospitalization, requests that the hospital not release any information regarding the offender including the offender's presence as a patient at the hospital, and if necessary increase in the number of corrections officers providing security at the hospital.

5. Such limitations, when imposed, serve to preserve a safe environment for the health care workers, resident, and KDOC staff. In addition, outside influence involving the medical care and treatment of residents through threat of litigation, high pressure through excessive calls or communications by family, and or similar acts to providers impedes treatment of the resident and often hinders future viability of continued health care with those providers or health care entity.

6. Given the high-profile nature of Mr. Calvin's conviction, and the issues caused by what appear to have been threats made to the outside medical providers, disclosing Mr. Calvin's location when outside the secure perimeter of the correctional facility has been determined by the Department to be a security risk. Prior interactions by Mr. Calvin's family and/or agents impeded the ability of the Department to timely and efficiently receive information regarding the resident and threatened the future viability of continued health care with those providers.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 4, 2022.

*/s/ Joel Hrabe*
Joel Hrabe
Deputy Secretary of Facility Management
Kansas Department of Corrections
